IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CLAUDIA STEWART                                                                                                  PLAINTIFF

V.                                                                                    CIVIL ACTION NO. 4:22-cv-047-NBB-DAS

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                                                                      DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion to dismiss certain counts of plaintiff's amended complaint. Upon due consideration of the motion, response, and applicable authority, the court is ready to rule.

Factual Background and Procedural Posture

This insurance coverage and bad faith action arises from an incident in which the plaintiff Claudia Stewart's home in Belzoni, Mississippi, insured by the defendant, Allstate Property and Casualty Insurance Company, allegedly suffered roof damage during a storm on June 8, 2021. The plaintiff alleges that she obtained a quote for repairs for the roof from a local contractor, Roosevelt Smith. Smith's estimate included removal and replacement of shingles, "repairing rotten decking boards, cornicing, and fascia boards," roof jack replacement, and debris removal. The contractor's estimate for the repairs amounted to $10,452.17. The plaintiff submitted a claim to Allstate under the homeowner's insurance policy, which was in effect at the time the weather damage allegedly occurred. The defendant applied depreciation under the policy at issue and adjusted the damages to the plaintiff's roof to $403.71, an amount less than the plaintiff's $500.00 policy deductible.

Aggrieved, the plaintiff brought the present action against Allstate asserting claims for breach of contract, bad faith, and breach of the duty of good faith and fair dealing. The

defendant has moved to dismiss the claims for bad faith and breach of the duty of good faith and fair dealing.

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Id.* But the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 678.

In ruling on a Rule 12(b)(6) motion to dismiss, the court generally may not look beyond the pleadings. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). Matters of public record and matters of which the court may take judicial notice as well as documents attached to the complaint are exceptions. *Id.* at 1343 n.6; *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2001).

## Analysis

The court finds the present action amounts to no more than what is known as a "pocketbook dispute." A pocketbook dispute in an insurance case arises when the parties disagree as to the value of the insurance claim. *See, e.g.*, *Cossitt v. Alfa Ins. Corp.*, 726 So. 2d

132, 139 (Miss. 1998). The plaintiff's estimate from her own contractor reveals that at least part of the damage to the roof was the result of rot, not storm damage. The estimate states that a portion of the proposed work is to repair "rotten decking boards, cornicing, and fascia boards." The plaintiff asserts that the defendant is responsible for the entire estimate of $10,452.17, while the defendant contends that its coverage amounts only to $403.71, which is less than the plaintiff's $500.00 deductible. This is indeed a classic pocketbook dispute, and the trier of fact will be responsible for determining the appropriate amount of coverage.

The plaintiff's complaint is insufficient to support a claim for bad faith or a claim for the breach of the duty of good faith and fair dealing as "differences of opinion [as to the value of a claim do] not rise to the level of wanton, gross or intentional conduct in the nature of an independent tort." *State Farm Mut. Auto. Ins. Co. v. Roberts*, 379 So. 2d 321, 322 (Miss. 1980). The Fifth Circuit has recognized that the "Mississippi Supreme Court has been extremely reluctant to allow punitive damages in cases where the insurer did not deny coverage, but only disputed the amount of the claim or delayed payment." *Tutor v. Ranger Ins. Co.*, 804 F.2d 1395, 1399 (5th Cir. 1986). Accordingly, this court finds that the claims of bad faith and breach of the duty of good faith and fair dealing should be dismissed.

## Conclusion

The court finds that the plaintiff's claims of bad faith and the breach of the duty of good faith and fair dealing do not survive Rule 12(b)(6) review. The defendant's motion is therefore well taken and will be granted. A separate order in accordance with this opinion will issue this day.

This, the 23rd day of March, 2023.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE